**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ROBIN T. KIM, | ) | NO. CV 17-6807-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on September 15, 2017, seeking review
of the Commissioner's denial of benefits.  The parties filed a consent
to proceed before a United States Magistrate Judge on October 5, 2017.
Plaintiff filed a motion for summary judgment on January 18, 2018.
Defendant filed a motion for summary judgment on February 8, 2018.
The Court has taken both motions under submission without oral
argument.  <u>See</u> L.R. 7-15; "Order," filed September 19, 2017.

///

///

**BACKGROUND**

Plaintiff, a former retail sales representative, asserted disability based on alleged physical and emotional impairments (Administrative Record ("A.R.") 1-774). An Administrative Law Judge ("ALJ") found Plaintiff has severe "non-ischemic cardiomyopathy," but retains the residual functional capacity to perform a restricted range of sedentary work "with standing/walking 2 hours in an 8-hour work day [and] sitting 6 hours in an 8-hour work day" (A.R. 17, 19). Relying on the testimony of a vocational expert, the ALJ determined that a person having this residual functional can perform jobs existing in significant numbers in the national economy, including the jobs of "bench hand assembler," "table worker" and "agricultural sorter" (A.R. 23-24, 47). Accordingly, the ALJ found Plaintiff not disabled (A.R. 24). The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v.

Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may
> not substitute its judgment for that of the ALJ.  But the
> Commissioner's decision cannot be affirmed simply by
> isolating a specific quantum of supporting evidence.
> Rather, a court must consider the record as a whole,
> weighing both evidence that supports and evidence that
> detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

## DISCUSSION

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

Plaintiff argues that the ALJ erred by rejecting the opinion of an unnamed physician alleged to have been one of Plaintiff's treating physicians.  No material error occurred.

///

---

[1]  The harmless error rule applies to the review of administrative decisions regarding disability.  See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

At the end of the voluminous record is a one-page form bearing an illegible signature (A.R. 774).  This form evidently was signed by a physician who saw Plaintiff only twice (April 28, 2017 and May 16, 2017).  The form states, "Please excuse [Plaintiff] from work . . . Due to . . . Illness."  Id.  In the "Remarks" section of the form, the physician wrote that Plaintiff is "not able to walk longer than 20-30 minutes," experiences shortness of breath climbing stairs and cannot lift more than 10 pounds.  Id.  The administrative record does not contain any treatment notes from this physician or any examination or test results from this physician.

Addressing this one-page form, the ALJ stated:

> I give little weight to this assessment because it is not
> consistent with the objective findings or the record as a
> whole.  It is a one-time statement with no testing involved.
> The doctor admitted that he only saw the claimant twice.
> . . ." (A.R. 21).

Generally, a treating[2] physician's conclusions "must be given substantial weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . .  This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference

---

[2]   The Court assumes arquendo that the signer of the one-page form qualifies as a "treating physician."

owed to treating physician opinions).  Where the treating physician's

opinions are contradicted, "if the ALJ wishes to disregard the

opinion[s] of the treating physician he . . . must make findings

setting forth specific, legitimate reasons for doing so that are based

on substantial evidence in the record." Winans v. Bowen, 853 F.2d

643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted);

see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the

treating physician's opinion, but only by setting forth specific,

legitimate reasons for doing so, and this decision must itself be

based on substantial evidence") (citation and quotations omitted).


     Contrary to Plaintiff's arguments, the ALJ's stated reasons for

discounting the unnamed physician's opinion suffice under the

applicable case law.  See Batson v. Commissioner, 359 F.3d 1190, 1195

(9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions

that are conclusory, brief, and unsupported by the record as a whole

. . . or by objective medical findings"); Connett v. Barnhart, 340

F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly

rejected where physician's records "provide no basis for the

functional restrictions he opined should be imposed on [the

claimant]"); Matney v. Sullivan, 981 F.2d 1016, 1019-20 (9th Cir.

1992) ("The ALJ need not accept an opinion of a physician - even a

treating physician - if it is conclusionary and brief and is

unsupported by clinical findings").


     Plaintiff cites the Social Security Administration's Hearings,

Appeals, and Litigation Manual ("HALLEX") in arguing that the ALJ

should have recontacted the unnamed physician.  However, "HALLEX is a

purely internal manual" which "does not have the force and effect of law." <u>Moore v. Apfel</u>, 216 F.3d 864, 868 (9th Cir. 2000). HALLEX "is not binding on the Commissioner." <u>Id.</u> Therefore, the Court "will not review allegations of noncompliance with the [HALLEX] manual." <u>Id.</u>; <u>see also</u> <u>Bales v. Berryhill</u>, 688 Fed. App'x 495, 496 (9th Cir. 2017).

Alternatively, even if error occurred, Plaintiff has failed to carry his burden of proving that the error was harmful. <u>See</u> <u>Molina v. Astrue</u>, 674 F.3d 1104, 1111, 1115 (9th Cir. 2012) (a social security claimant has the burden of proving that the ALJ's error was consequential to the ultimate non-disability determination). The unnamed physician's restriction of Plaintiff to a ten-pound lifting capacity is not inconsistent with the residual functional capacity the ALJ found to exist. <u>See</u> 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time . . ."). None of the jobs identified as jobs Plaintiff can perform appear to require stair climbing or extensive walking. <u>See</u> Dictionary of Occupational Titles ("DOT") 715.684-026, 739.687-182, 521.687-086.[3] Accordingly, the ALJ's failure to accord "substantial weight" to the opinion of the unnamed physician was inconsequential to the ultimate non-disability determination. <u>See</u> <u>Casey v. Colvin</u>, 637 Fed. App'x 389, 390 (9th Cir. 2016) (error harmless where claimant failed to demonstrate that the additional limitation would have had any effect on the kinds of jobs

---

[3]    Furthermore, the unnamed physician's opinion that Plaintiff is "not able to walk longer than 20-30 minutes" almost certainly meant 20-30 minutes of continuous walking, rather than a cumulative total of 20-30 minutes of walking in an 8-hour work day. If so, this opinion is not inconsistent with the residual functional capacity the ALJ found to exist.

the vocational expert testified the claimant would be capable of performing).

Plaintiff also argues that the ALJ failed to develop the record fully and fairly.  Proper development of an administrative record nearly always involves a matter of degree.  One plausibly may argue in virtually every case that additional investigation or inquiry might have been useful.  Under the circumstances of the present case, however, this Court is unable to conclude the ALJ failed to discharge his obligation fully and fairly to develop the record.

Even if the Court were to assume, _arguendo_, some error in record development, the result would be the same.  Plaintiff has failed to demonstrate any harm resulting from the ALJ's failure further to develop the record.  Further development would not have made any difference to the outcome of the case.

///
///
///
///
///
///
///
///
///
///
///
///

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 13, 2018.

/s/
_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has considered and rejected each of Plaintiff's arguments. The Court has discussed Plaintiff's principal arguments herein.